## Case No. 18,279.

### CLARKE et al. v. CLARKE et al.

[2 Hayw. & H. 114.] [1]

Circuit Court, District of Columbia. May 30, 1853.

ASSIGNMENT TO ATTORNEYS OF INTEREST IN CLAIM —LIEN OF.

1. Where a claim was presented and prosecuted by attorneys in the name of a bankrupt who had purchased it at a sale made by his assignee in bankruptcy, but which sale was subsequently declared void. An assignment in a power of attorney of so much of the fund as the attorneys were to receive as compensation for their services will be carried out.

2. Such an assignment is a lien on the fund, and will be preferred to the judgment creditors of the bankrupt.

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

In equity, for an injunction and distribution of funds in the treasury in the defendant's name. The bill in substance states: That the claimant [Benjamin C. Clarke] was a judgment creditor of the defendant [Ferdinand N. Clarke]; that the defendant at the time the judgment was entered against him was wholly insolvent. That on the 15th of April, 1851, an award was made by the board of commissioners on claims against Mexico, in favor of said Ferdinand N. Clarke for $86,-786.24, and that it is the only assets of the said Ferdinand to which the creditors can have any recovery for the payment of their claims against him. That he left the city of New York and proceeded to New Hampshire, and filed his petition to be declared a bankrupt; he was duly declared a bankrupt. That an assignee was appointed to dispose of the effects. That pursuant to the schedule filed he sold all Clarke's interest in the property, and the rights of property, for the sum of two dollars; Clarke himself bidding at the sale, but ordered the title to be made by the assignee to his (Clarke's) sister, who relinquished to him by a formal deed on the next day. By virtue of this purchase, Clarke claims to be bona fide owner of all the property, and rights of property he had in or indicated in the schedule. That the assignee, John Palmer, is dead. That the complainant prays for a writ of injunction against the said Ferdinand not to receive the amount of the award, and that another assignee duly appointed may come in and make himself party complainant.

The defendant answered the bill, said notwithstanding the creditors had due notice of the proceedings in bankruptcy in this case, none of the creditors filed any proof of debt in the case of the defendant, or any objections to the proceedings, or to the doings of the said assignee until after the filing of this bill, insisting that if any loss has accrued to the complainant in consequence or on account of the management of his assets in bankruptcy by said assignee, it has been through the laches and negligence of said complainant, that he was the bona fide purchaser of said claim, and is entitled to the sole benefit of the award. That the complainant, if any claim existed at the time of the proceedings in bankruptcy had no claim upon the award, or any part thereof, as was intended to be protected and secured by the 8th section of the act entitled "An act to carry into effect certain stipulations of the treaty between the United States and the republic of Mexico, of February 2d, 1848" [9 Stat. 922]; and therefore is not entitled to relief, and that said complainant did not file the notice and bond required by said section within the time specified in said section.

The allegation of fraud in the bill was put in issue by the answer. William H. G. Hackett was appointed assignee of the estate of the defendant Clarke, in the place of John Palmer, deceased, and was made party complainant in this suit; and stated in his position that there was no evidence put into the possession of the original assignee to enable him to recover the claim, but that such information and evidences were fraudulently withheld by the said bankrupt; that because of the assignee's ignorance of its value it could not be sold; and that no title to the said Mexican claim passed out of said assignee to any person whatever, or in any manner averted to or became the property of the bankrupt.

The following auditor's report of the claim of F. T. Lally and James S. Thayer, with the accompanying decree, will explain the claim of said Lally and Thayer to a portion of the fund awarded.

By the reference in the above cases the auditor is directed to ascertain and report: (1) Whether the commissions claimed by Lally and Thayer are due to them under the agreement set up? (2) Whether the agreement was bona fide made by them at the time it bears date? (3) Whether the fund in controversy was recoverable by them under said agreement? and, (4) To state the account, &c.

The papers have been perused, and under the above reference the following report is respectfully submitted:

By W. RIDEN, Auditor:

"The petition of F. T. Lally and James S. Thayer states that Ferdinand N. Clarke, being entitled to a claim against the Mexican government, executed on the 24th of Feb., 1851, a power of attorney, constituting said Lally his attorney, to present and prosecute said claim before the board of commissioners on claims against Mexico. That said power of attorney contained, in consideration of his professional services rendered, and to be rendered, an assignment and transfer to said Lally of 20 per centum of such amount as might be awarded to said Clarke, and a power to said Lally to draw the same from the treasury department; that said Lally engaged the services of said Thayer to aid him in the prosecution of said claim; that they prosecuted said claim, and obtained an award in favor of said Clarke for $86,786.24. The answer of the defendant, Clarke, to the petition, does not deny the allegations in the petition, but admits them.

"I find, therefore, that Lally was employed to prosecute the claim; that 20 per cent. of the amount was assigned to him for his services; that the agreement and assignment were bona fide made at the time they bear date; that $86,786.24 were recovered and awarded; and that the same were recovered by said Lally, and the agents employed by him, under the said agreement and assignment as averred in said petition, and admitted by the said answer of said F. N. Clarke. I find the amount due to said F. T. Lally, under said agreement and assignment, and which he is entitled to have paid out of said sum awarded, to be $17,357.20.

"Several bills and petitions have been filed claiming the fund. Wm. H. Y. Hackett

claims it as assignee under F. N. Clarke's bankruptcy; Benjamin F. Clarke and W. C. Pickersgill as judgment creditors of said F. N. Clarke prior to his bankruptcy, and Stanton, Barclay and Boothe also as creditors of said F. N. Clarke prior to his bankruptcy. The claim was presented and prosecuted by said Lally and Thayer, in the name of said F. N. Clarke alone, and the award was made in his name. All the parties now claiming the fund claim under or through him, and ought, and it is supposed, must take, if they establish their claims, subject to the burthen created and imposed by Clarke, upon the fund in favor of his attorneys for their services in recovering it.

"The court has established and carried out these agreements, where the power of attorney has contained an assignment of so much of the fund as the agent was to receive as compensation for his services. As in Betsy McIntosh's Case (McElrath v. McIntosh [Case No. 8,781]), one-half, in Fuller v. Clarke's Adm'r (not reported) one-half, and in Baldwin v. Wylie [Id. 18,228], on an agreement to be paid five per cent. out of the fund. Twenty per cent. is not an unusual commission on claims of this kind. The agreement, however, of Mr. Clarke is specific, and binds, it is supposed, those who claim through him, in favor of the agents who obtained the claim. All the claimants and the defendant are represented in this agreement to refer, viz.: Benjamin F. Clarke, Barclay and Hackett by Mr. Carlisle; Stanton by Mr. Abert; Chester and Fleming, et al. by Mr. Hall; Boothe by Mr. Bradley. The defendant by Mr. Hays and Mr. Lawrence, and Pickersgill by Mr. Hall."

J. M. Carlisle, for complainants.
John L. Hayes, for defendants.

Before CRANCH, Chief Judge. and MORSELL and DUNLOP, Circuit Judges.

THE COURT decided that the commission of said Lally agreed to be paid by the said Clarke out of this fund, and assigned to said Lally by said Clarke, is a lien upon the said fund, ratifying and confirming the auditor's report; decreeing that the sum of $17,357.20, with interest thereon, from the 21st day of June, 1851, and that the injunctions granted in the causes be dissolved as to the said sum and interest.

The following is the decree of THE COURT in the cause under consideration:

This cause having been set for hearing by consent of parties and by order of the court, on bill, petitions and exhibits, and on answers and exhibits, and on general replications and testimony on both sides, and having been fully argued by counsel. It is now this 30th day of May, 1853, by the court ordered, adjudged and decreed that the fund in controversy in this cause, to wit: the sum of sixty-nine thousand four hundred and twenty-nine dollars and four cents, which is remaining in the treasury of the United States, of the amount of the award

to Ferdinand N. Clarke, mentioned in the bill, petitions and answers, deducting therefrom the complainant's costs, here to be taxed by the clerk, be paid over to the complainant, William H. Y. Hackett, assignee in bankruptcy of said Ferdinand N. Clarke, for distribution in the bankrupt court, where the proceedings in bankruptcy are pending, to wit: the district court of the United States, for the district of New Hampshire, under the orders of the said court, according to the respective rights of the creditors of said bankrupt, to whom the said court may order the same to be distributed.

On appeal, the court was sustained. See 17 How. [58 U. S.] 315.